**In the Matter of the WELFARE OF C.J.L.**

No. C4–85–1445.

Court of Appeals of Minnesota.

Jan. 21, 1986.

Philip D. Bush, Asst. Public Defender, Minneapolis, for appellant, C.J.L.

Beverly J. Wolfe, Asst. Co. Atty., Minneapolis, for Hennepin County.

Considered and decided by WOZNIAK, P.J., and FORSBERG and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

In May 1985, a petition was filed in Hennepin County Juvenile Court charging C.J.L. with one count of assault in the fifth degree in violation of Minn.Stat. § 609.-224(2) (1984). After trial, the trial court made a finding that the petition had been proven beyond a reasonable doubt. A disposition hearing was held and the trial court made a formal finding of delinquency and ordered appellant recommitted to the custody of the Commissioner of Corrections. The trial court's finding of delinquency is appealed. We affirm.

### FACTS

In an unrelated matter, appellant was adjudicated delinquent in Hennepin County Juvenile Court and committed to the custody of the Commissioner of Corrections, who placed him in the Red Wing Correctional Facility which is located in Goodhue County. On March 18, 1985, appellant was paroled from Red Wing and placed with his mother who resides in Hennepin County. Parole Services placed a "hold-for-revocation" on appellant on March 27, 1985, and sent him to Red Wing to await a revocation hearing. On March 28, 1985, the day following his arrival at Red Wing, appellant struck a juvenile at Red Wing.

Appellant's revocation hearing was held on April 8, 1985. The charge for which

appellant was placed on hold on March 27, 1985 was dismissed for insufficient evidence. Appellant's parole, however, was revoked for the assault he committed at Red Wing.

On May 21, 1985, a petition was filed in Hennepin County Juvenile Court charging appellant with one count of assault in the fifth degree. Immediately following the resting of the State's case, appellant moved to dismiss the charge on the ground of improper venue, alleging that he was a resident of Goodhue County at the time of the assault.

## ISSUE

Does Hennepin County, which is appellant's domicile, constitute appellant's county of "residence" as that word is used in the juvenile venue statute?

## ANALYSIS

Venue for juvenile court proceedings is set forth in Minn.Stat. § 260.121, subd. 1 (1984):

> If delinquency * * * is alleged, proceedings shall be brought in the county of his residence or the county where the alleged delinquency * * * occurred.

Appellant claims that his case was improperly venued in Hennepin County because he was living at Red Wing when he committed the assault and thus Goodhue County was his county of residence.

In construing the word "residence" in § 260.121, subd. 1, we must give the word "that meaning which will best effectuate the objects and purpose of the statute." *In re Guardianship of Kowalke*, 232 Minn. 292, 302, 46 N.W.2d 275, 282 (1950). Minnesota Statute § 260.011, subd. 2 (1984) states that a purpose of the juvenile code is to strengthen family ties whenever possible. Implicit in an entire reading of the juvenile code is that the term "residence" refers to the community where the young person comes from and will return to after punishment. Residence should be interpreted to mean where the child resides on a permanent basis with his or her parent(s) rather than where a judge or the Commissioner of Corrections has ordered the child

temporarily. Thus, it appears that in order to best effectuate the purposes of § 260.-121, subd. 1, the word "residence" must be construed to be synonymous with domicile. This holding is in accordance with *Kowalke* where the supreme court held that, when a juvenile is domiciled in Minnesota, the proper county in which to begin guardianship proceedings is the county where the juvenile is domiciled. 232 Minn. at 302–03, 46 N.W.2d at 282.

## DECISION

The trial court is affirmed.